JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
DIANE ROLDÁN (Cal. Bar No. 288224)
Assistant United States Attorney
General Crimes Section
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1200/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6567/5429
     Facsimile: (213) 894-0141
     E-mail:    diane.roldan@usdoj.gov
                jeremy.beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>                    v.<br><br>CINDY INTHAVONG,<br><br>          Defendant. | No. 2:23-CR-00402-FMO-2<br><br>PLEA AGREEMENT FOR DEFENDANT<br>CINDY INTHAVONG |

     1.   This constitutes the plea agreement between Cindy Inthavong ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Haselkorn, et al.</u>, Case No. 2:23-CR-00402-FMO-2, which charges defendant with conspiracy to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi) and (viii).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

2

1   agrees, however, that at the time of sentencing the Court may

2   consider any dismissed charges in determining the applicable

3   Sentencing Guidelines range, the propriety and extent of any

4   departure from that range, and the sentence to be imposed.

5          d.    At the time of sentencing, provided that defendant

6   demonstrates an acceptance of responsibility for the offense up to

7   and including the time of sentencing, recommend a two-level reduction

8   in the applicable Sentencing Guidelines offense level, pursuant to

9   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11                        <u>NATURE OF THE OFFENSE</u>

12         4.    Defendant understands that for defendant to be guilty of

13  the crime charged in count one, that is, conspiracy to distribute

14  fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

15  (b)(1)(A)(vi) and (viii), the following must be true:  (1) there was

16  an agreement between two or more people to distribute a mixture and

17  substance containing detectable amounts of fentanyl and

18  methamphetamine; and (2) defendant joined in the agreement knowing of

19  its purpose and intending to help accomplish that purpose.

20         5.    Defendant understands that for defendant to be subject to

21  the statutory maximum and statutory minimum sentences set forth

22  below, the government must prove beyond a reasonable doubt that the

23  conspiracy charged in count one involved at least 400 grams of a

24  mixture and substance containing a detectable amount of fentanyl, or

25  at least 500 grams of a mixture and substance containing a detectable

26  amount of methamphetamine.  Defendant admits that defendant, in fact,

27  conspired to distribute controlled substances consisting of at least

28  400 grams of a mixture and substance containing a detectable amount

1   of fentanyl, and at least 500 grams of a mixture and substance

2   containing a detectable amount of methamphetamine, as described in

3   count one of the indictment.

4        6.   Defendant further understands that the law may require the

5   government to prove beyond a reasonable doubt that the type and

6   quantity of the charged controlled substance fell within the scope of

7   defendant's agreement and were reasonably foreseeable to defendant.

8   Defendant admits that the distribution of controlled substances

9   consisting of at least 400 grams of a mixture and substance

10  containing a detectable amount of fentanyl and at least 500 grams of

11  a mixture and substance containing a detectable amount of

12  methamphetamine fell within the scope of defendant's agreement and

13  were reasonably foreseeable to her.

14                              <u>PENALTIES</u>

15       7.   Defendant understands that the statutory maximum sentence

16  that the Court can impose for a violation of 21 U.S.C. §§ 846,

17  841(a)(1), (b)(1)(A)(vi) and (viii), is:  life imprisonment; a

18  lifetime period of supervised release; a fine of $10,000,000 or twice

19  the gross gain or gross loss resulting from the offense, whichever is

20  greatest; and a mandatory special assessment of $100.

21       8.   Defendant understands that, absent a determination by the

22  Court that defendant's case satisfies the criteria set forth in 18

23  U.S.C. § 3553(f), the statutory mandatory minimum sentence that the

24  Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1),

25  (b)(1)(A)(vi) and (viii), is:  ten years' imprisonment, followed by a

26  five-year period of supervised release, and a mandatory special

27  assessment of $100.

28

                                    4

9.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

5

12.    Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

13.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

Beginning no later than April 5, 2021, and continuing to August 4, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant joined into an agreement with co-defendant Howard Haselkorn and others to distribute controlled substances consisting of at least 400 grams of a mixture containing a detectable amount of fentanyl and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine (the "drug trafficking conspiracy").  Defendant joined the drug trafficking conspiracy knowing of its purpose and intending to help accomplish that purpose.

In furtherance of the drug trafficking conspiracy, defendant possessed on July 27, 2023:  More than 975 grams of a mixture and substance containing a detectable amount of fentanyl; more than 2.5 kilograms of a mixture and substance containing a detectable amount of methamphetamine; more than 400 grams of a mixture and substance containing a detectable amount of MDMA; and 50 grams of a mixture and substance containing a detectable amount of cocaine.

Defendant utilized two premises in further of the drug trafficking conspiracy.  First, defendant leased in her name a drug lab in an industrial building in downtown Los Angeles, with the knowledge that co-defendant Haselkorn would then operate the drug lab to manufacture, press, and package drugs for distribution.  As of July 27, 2023, when law enforcement executed a search warrant of the drug lab, the drug lab housed: two pill presses collectively capable of making 8,000 pills per hour; beakers and blenders used to process methamphetamine; chemicals and cutting agents; and various equipment, beakers, and petri dishes.  Second, defendant stored controlled substances at, and sold them out of, her apartment in downtown Los

Angeles, which she shared with co-defendant Howard Haselkorn and their infant. As of July 27, 2023, when law enforcement executed a search warrant of the apartment, it contained, in addition to methamphetamine and fentanyl: orange counterfeit Adderall pills; MDMA pills with the Tesla logo on them; Xanax pills; loose M30 pills; and more than $16,000 in cash. Some of the foregoing narcotics were located within feet of a baby play area, and there were fentanyl and methamphetamine pills loose on counters.

SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. §§ 2D1.1(a)(5), |
| | | (c)(4) |
| Minor role | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

18.  Defendant and the USAO agree that:

a.  Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count one of the indictment;

b.  The offense charged in count one of the indictment did not result in death or serious bodily injury to any person; and

c.  Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count one of the indictment and was not engaged in a continuing criminal enterprise.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant

9

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

20.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

10

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to the total offense level calculated by the Court and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

11

1  authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation

2  or supervised release agreed to by defendant in paragraph 2(h) above.

3      23.   The USAO agrees that, provided (a) all portions of the

4  sentence are at or above the statutory minimum and at or below the

5  statutory maximum specified above and (b) the Court imposes a term of

6  imprisonment within or above the range corresponding to an offense

7  level of 35 and the criminal history category calculated by the

8  Court, the USAO gives up its right to appeal any portion of the

9  sentence.

10              RESULT OF WITHDRAWAL OF GUILTY PLEA

11     24.   Defendant agrees that if, after entering a guilty plea

12  pursuant to this agreement, defendant seeks to withdraw and succeeds

13  in withdrawing defendant's guilty plea on any basis other than a

14  claim and finding that entry into this plea agreement was

15  involuntary, then (a) the USAO will be relieved of all of its

16  obligations under this agreement; and (b) should the USAO choose to

17  pursue any charge that was either dismissed or not filed as a result

18  of this agreement, then (i) any applicable statute of limitations

19  will be tolled between the date of defendant's signing of this

20  agreement and the filing commencing any such action; and

21  (ii) defendant waives and gives up all defenses based on the statute

22  of limitations, any claim of pre-indictment delay, or any speedy

23  trial claim with respect to any such action, except to the extent

24  that such defenses existed as of the date of defendant's signing this

25  agreement.

26

27

28

1

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

2      25.   Defendant agrees that if the count of conviction is
3 vacated, reversed, or set aside, both the USAO and defendant will be
4 released from all their obligations under this agreement.

5                     ## EFFECTIVE DATE OF AGREEMENT

6      26.   This agreement is effective upon signature and execution of
7 all required certifications by defendant, defendant's counsel, and an
8 Assistant United States Attorney.

9                        ## BREACH OF AGREEMENT

10     27.   Defendant agrees that if defendant, at any time after the
11 signature of this agreement and execution of all required
12 certifications by defendant, defendant's counsel, and an Assistant
13 United States Attorney, knowingly violates or fails to perform any of
14 defendant's obligations under this agreement ("a breach"), the USAO
15 may declare this agreement breached.  All of defendant's obligations
16 are material, a single breach of this agreement is sufficient for the
17 USAO to declare a breach, and defendant shall not be deemed to have
18 cured a breach without the express agreement of the USAO in writing.
19 If the USAO declares this agreement breached, and the Court finds
20 such a breach to have occurred, then: (a) if defendant has previously
21 entered a guilty plea pursuant to this agreement, defendant will not
22 be able to withdraw the guilty plea, and (b) the USAO will be
23 relieved of all its obligations under this agreement.

24     28.   Following the Court's finding of a knowing breach of this
25 agreement by defendant, should the USAO choose to pursue any charge
26 that was either dismissed or not filed as a result of this agreement,
27 then:

28

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

14

to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 15 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be between
the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional

15

1    promise, understanding, or agreement may be entered into unless in a

2    writing signed by all parties or on the record in court.

3                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4         33.   The parties agree that this agreement will be considered

5    part of the record of defendant's guilty plea hearing as if the

6    entire agreement had been read into the record of the proceeding.

7    AGREED AND ACCEPTED

8    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
9
     JOSEPH T. MCNALLY
10   Acting United States Attorney

11                                              3/26/2025

12   _____         _____
     DIANE ROLDÁN                            Date
     JEREMY K. BEECHER
13   Assistant United States Attorneys

14                                            3/26/25
     _____         _____
     CINDY INTHAVONG                          Date
15   Defendant

16                                            March 26, 2025
     _____         _____
     JENNIFER WILLIAMS                        Date
17   Attorney for Defendant
     CINDY INTHAVONG
18

19

20   //

21   //

22

23

24

25

26

27

28

                                      16

1

### CERTIFICATION OF DEFENDANT

2       I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charge and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19

20  CINDY INTHAVONG                          3/26/25
    Defendant                                Date

21

22

23

24

25

26

27

28

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am CINDY INTHAVONG's attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of her rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 JENNIFER WILLIAMS                      Date
Attorney for Defendant
18 CINDY INTHAVONG

March 26, 2025

18